UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBERT L. CARTER )
)
v. ) NO. 2:05-CV-49
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Robert L. Carter has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Carter was born in 1973 and was 29 years old at the time of his administrative hearing. [Tr. 18, 38]. He completed eleventh grade and has relevant past work experience as a saw operator, sanitation worker, poultry worker, dishwasher, and busboy. [Tr. 18, 368]. Mr. Carter alleges he is disabled as of June 15, 2001, from back pain, an affective disorder, and leg pain. [Tr. 17]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Carter was not disabled as defined by the Social Security

Act. [Tr. 18].

At Mr. Carter's administrative hearing held on February 25, 2003, the testimony of Mr. Carter and vocational expert Michael Galloway was received into evidence. [Tr. 368-90]. Mr. Carter testified he last worked as a security officer in June 2001. [Tr. 368, 369]. Prior to that position, he worked as a saw operator and a dishwasher/busboy. [Tr. 370-71]. He had to quit working because of pain in his back and legs. [Tr. 374]. He also has pain in his hip, lower back spasms, and psoriasis. [Tr. 375-77].

Vocational expert Michael Galloway testified next that Mr. Carter's past relevant work as a saw operator was medium and semiskilled, his past relevant work as a security guard was light and low semiskilled, and his past relevant work as a dishwasher and busboy was medium and unskilled. [Tr. 386-87]. The ALJ then asked him to assume a man of Mr. Carter's age, education, and work background who had mild degenerative disc disease, pain in his legs, a history of right knee surgery, and psoriasis in his knees and elbows. [Tr. 387]. Such a person also had possible borderline intellectual functioning and could only work at medium exertion work. [*Id.*]. Finally, such a person was unable to perform high stress and highly skilled work. [*Id.*]. According to the vocational expert, such a person could return to Mr. Carter's past relevant work as a dishwasher and busboy. [Tr. 388].

2

The ALJ ruled that Mr. Carter was not disabled because his severe impairments of mild degenerative disc disease, a history of right knee surgery, psoriasis of the knees and elbows, dysthymic disorder, and possible borderline intellectual functioning were not severe enough for a finding of disability. [Tr. 18-19]. The ALJ then found Mr. Carter retained the residual functional capacity [RFC] to perform medium work and lift 50 pounds occasionally and 25 pounds frequently, sit for up to two hours out of an eight-hour workday, and stand/walk for six hours out of an eight-hour workday. [Tr. 22]. He needed to avoid high stress work, relate only superficially to other people, and avoid complex and highly skilled work. [*Id.*]. With those limitations, Mr. Carter could perform his past relevant work as a dishwasher and busboy because that work was medium and unskilled. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the

evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Carter requests summary judgment and challenges the ALJ's finding that he could perform medium work and return to his past relevant work as a dishwasher and busboy. Mr. Carter specifically contends the ALJ failed to make the required findings about his past work, pursuant to Social Security Ruling 83-62. Under that Ruling, the ALJ must make 1.) a finding of fact as to the person's RFC; 2.) a finding of fact as to the mental and physical requirements of the past relevant work; and, 3.) a finding of fact that the person's RFC would allow him to return to his past relevant work. In Mr. Carter's case, the ALJ determined his basic RFC was the ability to perform medium work. [Tr. 22]. The ALJ then determined Mr. Carter could perform his past relevant work as a dishwasher and busboy, which was unskilled and medium work. [*Id.*]. It would appear that the ALJ skipped the second step of the Ruling because his decision is void of any mention of the mental and physical requirements of Mr. Carter's past relevant work. As such, the ALJ's finding that Mr. Carter could return to his past relevant work was not made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Carter's motion for summary judgment will be granted in part and the defendant's motion for summary judgment will be denied. Pursuant to sentence four

4

of 42 U.S.C. § 405(g), this action will be remanded to the ALJ for further findings concerning the mental and physical demands of Mr. Carter's past relevant work as a dishwasher and busboy. An appropriate order will follow.

ENTER:

/s/ Thomas Gray Hull
THOMAS GRAY HULL
SENIOR UNITED STATES DISTRICT JUDGE

5